SAMUEL HIGBIE, complainant and appellant,

*v.*

WILLIAM J. ROGERS, defendant and respondent.

[Filed November 15th, 1901.]

Where the failure of title to a portion of goods sold can be satisfactorily shown, the vendee will be relieved of the duty of establishing the defective title by proceedings at law for breach of warranty, and will be allowed a deduction therefor on his purchase-price notes secured by a chattel mortgage.

Higbie *v.* Rogers.

On appeal from a decree advised by Vice-Chancellor Emery.

*Mr. James D. Carton,* for the appellant.

*Mr. Charles E. Cook,* for the respondent.

The opinion of the court was delivered by

Vroom, J.

The bill in this cause was filed for an accounting and the redemption of a chattel mortgage, and prayed for an injunction to restrain the sale of the property covered thereby.

The property consisted of the goods and chattels used in a soda water business at Asbury Park. They had been sold by the defendant to the complainant and the chattel mortgage had been given to secure the payment of the purchase-money. The balance due upon the chattel mortgage, as stated in the bill of complaint, aggregated the sum of $600, and the amount claimed as an allowance for the items of merchandise alleged not to have been delivered amounted to the sum of $325. The vice-chancellor, in his opinion, classifies the claim for deduction as including three classes of items covered by the bill of sale and mortgage—*first,* a deficiency in the number of bottles delivered; *second,* a failure of title to one of four soda water sprays, and *third,* the failure of title to a soda water apparatus called a Tufts apparatus.

We concur in the disposition made of the case by the court below so far as the first and second class of items are concerned— as to the first class, because the alleged deficiency in the number of bottles was not called to the attention of the defendant by the complainant in a way that entitles him, after the lapse of time, to a deduction therefor from the balance of the purchase-price due on the chattel mortgage; and as to the second class, because no eviction being shown, nor it being shown that possession had been disturbed by any paramount title, no deduction therefor can be allowed.

In the disposition of the third class, which involved the failure of title to a soda water apparatus called a Tufts apparatus,

we differ from the conclusion reached by the vice-chancellor. The principle is well settled that if the failure of title can be satisfactorily shown, the vendee will be relieved from the duty of establishing the defective title, by proceedings at law, for breach of warranty. This was the rule stated in this court, in *Hoffman* v. *Chamberlain, 13 Stew. Eq. 663,* where, by reason of the failure of title of the vendor with respect to certain of the chattels sold, the purchase-price of which was secured by a chattel mortgage, a deduction was ordered from the amount due on certain notes secured by the mortgage for this failure of title.

It is admitted that, at the time of the execution of the bill of sale in this case, this Tufts soda water apparatus was known by both parties to the contract of sale to be in the possession of the Shark River Amusement Company, at Belmar. The testimony discloses that the defendant (Rogers) had sold and delivered this apparatus to this Belmar company; that the complainant was given to understand that the contract of sale had been forfeited, and that he could collect rent from the company, and that he supposed the $50 paid him afterwards was for rent. It turns out that he must credit that on the purchase-price still due from the company; that he will be able to recover from it, not the property, but only the balance due, and he will lose $100 in the transaction. We think the facts proven are sufficient to establish the failure of title in Rogers to the Tufts apparatus at the time of the execution of the bill of sale to the complainant, and that, by reason thereof, a deduction of $100 should be made from the amount due on the complainant's notes secured by the chattel mortgage, that being the amount of the purchase-money for this apparatus received by the vendor (Rogers).

This leads to a reversal of the decree below.

*For reversal*—VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, VREDEN-BURGH, VROOM—11.

*For affirmance*—ADAMS—1.